**In the Matter of Timothy E. STAGGS, Respondent.**

**No. 49S00–0705–DI–177.**

Supreme Court of Indiana.

May 2, 2008.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In spring 2005, Respondent submitted an "Application for Admission Upon Examination to Practice Law" to the State Board of Law Examiners ("Board"). In the application, Respondent stated that he had not been accused of any violations of law and that he had not been involved in any incident since age 18 where there had been a question of his character, honesty, and integrity. In the application, Respondent agreed to notify the Board if any information changed as a result of subsequent events.

On or about September 30, 2005, Respondent was arrested and charged with public indecency and indecent exposure. Respondent failed to update his application or inform the Board of these charges. He was admitted to the bar in a ceremony on October 18, 2005. On or about January 30, 2007, Respondent entered a guilty plea to public indecency. On or about February 1, 2007, Respondent notified the Disciplinary Commission about his arrest and conviction.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.1(a): False statement of material fact to the Board of Law Examiners.

8.1(b): Failure to disclose relevant facts to the Board of Law Examiners.

8.4(b): Committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties agree the appropriate sanction is a 90–day suspension with automatic reinstatement. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law for a period of 90 days, beginning June 16, 2008. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur, except DICKSON, J., who votes to reject the conditional agreement.